**In re HEARTLAND OF MENTOR.**

[Cite as *In re Heartland of Mentor* (1993), 92 Ohio App.3d 87.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–739.

Decided Dec. 23, 1993.

---

*Bricker & Eckler, Gretchen A. McBeath* and *James F. Flynn,* for appellant Manor Care of Willoughby.

*Arter & Hadden, R. Douglas Wrightsel* and *Robert W. Horner III,* for appellee Lincoln Health Center, Inc., d.b.a. Heartland of Mentor.

*Lee Fisher,* Attorney General, and *Mary Anne Reese,* Assistant Attorney General, for appellee Ohio Department of Health.

WHITESIDE, Judge.

Appellant, Manor Care of Willoughby ("Manor Care"), appeals from a decision of the Certificate of Need Review Board granting a certificate of need ("CON") to appellee Lincoln Health Center, Inc., d.b.a. Heartland of Mentor ("Heartland"), and raises the following assignment of error:

"The decision of the Board is not supported by reliable, probative and substantial evidence and is not in accordance with law since ODH was without power to consider Heartland of Mentor's application and could not therefore issue a valid certificate of need."

In January 1992, the Ohio Department of Health ("ODH") determined that there was a need in Lake County for eighty-two long-term beds in its 1992 annual report on the need for long-term-care beds. Six health care facilities filed applications seeking CONs for these additional beds, including Heartland, which applied to convert sixty rest-home beds into fifty nursing-home beds. ODH granted a CON to Heartland for conversion of twenty-two rest-home beds into nursing-home beds, a CON to Mentor Way Care Center for forty beds and a CON to Lake East Hospital Skilled Nursing Facility for twenty beds, thereby filling the eighty-two bed need.

Manor Care appealed to the Certificate of Need Review Board. After a hearing, the hearing examiner recommended that the board affirm the granting of the CON to Heartland. The Certificate of Need Review Board adopted the hearing examiner's recommendation. Manor Care now appeals that decision pursuant to R.C. 3702.60(E).

By the assignment of error, Manor Care contends that the decision of the board is not supported by reliable, probative and substantial evidence and is not in accordance with law since ODH was without power to consider Heartland's application and could not therefore issue a valid CON. Manor Care argues that Heartland's application was incomplete and therefore should not have been accepted as a valid application.

The standard of review is provided in R.C. 3702.60(E)(3) as follows:

"The court shall affirm the board's order if it finds, upon consideration of the entire record and any additional evidence admitted under division (E)(2) of this section, that the order is supported by reliable, probative, and substantial

evidence and is in accordance with law. In the absence of such a finding, it shall reverse, vacate, or modify the order."

Manor Care argues that the application filed by Heartland was not sufficient to qualify as an application or to meet the requirements of Ohio Adm.Code 3701–12–20(A), which provides:

" * * * An applicant for a certificate of need shall provide sufficient information to enable the director to perform a thorough review of the application in relation to each relevant criterion established by this chapter of the Administrative Code by completely responding to each applicable portion of the application form and attachments prescribed by the director and by attaching the necessary supporting documentation."

In this case, Manor Care argues that Heartland did not supply sufficient information in the application in order for the director to make a decision. Heartland filed an application on January 31, 1992, as required.

The application met the requirements of R.C. 3702.52 in that it was on a form prescribed by the director, was accompanied by the application fee of $11,700 and included part but not all of the information called for by the form prescribed by the director in accordance with Ohio Adm.Code 3701–12–08(B), which reads as follows:

"Each applicant shall submit one original and one copy of the application forms and attachments prescribed by the director. * * * The application shall include a timetable for implementing the project and a specific site for the project designated by a street address * * *. An authorized representative of the applicant shall sign the affidavit included in the application * * *. * * * "

An original and one copy of the application were filed. The timetable for implementing the project was not submitted in the original filing, but it was stated that the timetable would be forthcoming. The application did indicate the site and included an affidavit by an authorized representative of the applicant that the information was true and accurate. Appellee argues that the application does not qualify as an application because it was incomplete in that it stated that some of the information would be filed at a later date, such as the project cost and cost data, the source of funds and the timetable, as indicated above.

However, the application was later supplemented with the required information not initially submitted. Such supplementation of the application is authorized by Ohio Adm.Code 3701–12–08(E), which provides as follows:

"Upon receipt of an application and the appropriate fee, the director shall review the application for completeness of information. The director may request additional information from the applicant but shall not request any

information that is not necessary to review the application in relation to the criteria established by this chapter, as it is in effect at the time the request is made. * * * The director shall not make more than two requests for additional information under this paragraph or paragraph (F) of this rule."

After the additional information was supplied, the director determined that the application was complete. Neither the statute nor the rule requires that the application be complete when first submitted. Otherwise, the authority of the director to request additional information would be superfluous. Additionally, Ohio Adm.Code 3701–12–08(G) permits the applicant to supply, or the director to request, additional information even after the notice of the application's completeness has been mailed. That section provides as follows:

"After notice of an application's completeness is mailed under paragraph (E) or (F) of this rule, the applicant may supply and the director may request additional information pertinent to review of the application in relation to the criteria established by this chapter, as they are in effect at that time. The applicant shall not make any amendment of the application that alters the site of the reviewable activity, as specified in accordance with paragraph (B) of this rule."

In this case, the director determined that the application met the requirements of the Ohio Administrative Code in order to be complete. The consultant at ODH who reviewed the CON applications in this batch and made a recommendation to the director testified that appellee's application was complete by stating:

"Q. Well, you're referring to the documents that you did receive?

"A. I'm referring to what I needed to have from an applicant to be able to call the application complete.

"Q. Did you make that decision that the application was complete?

"A. Yes.

"Q. Is that a decision that you made?

"A. It's my responsibility to do that, yes.

"Q. Okay. And you did that in this case?

"A. Yes.

"Q. And based on the documents that you received, you determined that the application was complete?

"A. Yes.

"Q. And when you made the determination that it was complete, it was within the time frames required?

"A. Yes."

The senior consultant of ODH, Office of Resources Development, also testified that ODH had the opportunity to request additional information after the applications were determined complete and applicants could even make substantial changes to the applications except changing the site. He testified as follows:

"Q. * * * Did the Department have the ability to obtain more information from applicants after January 31, 1992?

"A. They could obtain more information, and substantial changes could even be made in the applications. The one thing that an applicant cannot do after being complete is to change the site.

"HEARING EXAMINER SILVER: And that's after the application is complete?

"THE WITNESS: Yes. And that would have had to have taken place in this case by the first Friday of March, which I think was the 6th."

■ An application which does not supply all the necessary information when filed is still an application even though it may be incomplete. The fact that an application is not complete when first filed does not render the application void. Rather, the statute and rules contemplate that an application may not be complete when first filed. There is no definition of "application" or minimum requirements for an application set forth in the statute or rules. It was within the discretion of the director (and later the Certificate of Need Review Board) to determine whether Heartland's application met the minimum statutory requirements for an application and later to determine it to be complete. Even though the initial filing did not provide much of the necessary information, supplementation is permitted, and the application was completed by the deadline. Both the director and the Certificate of Need Review Board found the application sufficient to meet the minimum requirements for an application, even though not complete. We find no error and no abuse of discretion, and the decision of the Certificate of Need Review Board is neither contrary to law nor unsupported by reliable, probative, and substantial evidence. Consequently, appellant's assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Certificate of Need Review Board is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and BOWMAN, J., concur.